RECEIVED
DEC 03 2009
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/04/09

THE NIMKOFF FIRM
ONE PENNSYLVANIA PLAZA SUITE 2424
NEW YORK, NEW YORK 10119
(Telephone) 212-868-8100 * (Facsimile) 212-868-0227

December 2, 2009

Hon. Richard M. Berman
United States District Court, Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

**MEMO ENDORSED**

Re: *Hartstein v. Sharbat, et al.*, 09 Civ 9799 (RMB)

Dear Judge Berman:

> Plaintiff to respond by 12/7/09. Pre-motion conference on 12/9/09 at 9:30 am. Parties to engage in good-faith settlement discussions prior to conference.
> SO ORDERED:
> Date: 12/3/09
> Richard M. Berman
> Richard M. Berman, U.S.D.J.

We represent all the defendants in this action. We submit this letter pursuant to Local Rule 37.2 and paragraph 2(A) of Your Honor's Individual Practices in the hopes of scheduling an immediate pre-motion conference with the Court in advance of moving immediately to vacate an *ex parte* order of attachment and temporary restraining order that the New York state court wrongfully issued before this action was removed to this Court. A copy of the *ex parte* state court order is attached as Exhibit A. We respectfully request an expedited conference because hundreds of thousands of defendants' dollars are restrained pursuant to the state court's improper *ex parte* order and, as a result, defendants cannot conduct important business and cannot access much needed funds.[1]

As the Court can see from the face of the state court's *ex parte* order, it was predicated on "it appearing that the defendant Solomon Sharbat has fled the jurisdiction and does not intend to return to the United States." Exhibit A at 2. In fact, in his affidavit submitted in support of his *ex parte* application, plaintiff incorrectly asserts that "the defendant Solomon Sharbat has fled the jurisdiction and does not intend to return to the United States." *See* the affidavit of Michael Hartstein

---

[1] In addition to wrongfully issuing the *ex parte* order, the state court also wrongfully failed to require plaintiff to post the undertaking that CPLR 6212(b) **mandates** be posted in order to secure compensation for the damages defendants suffer due to the improvidently granted *ex parte* order. As a result of this omission, there is no guarantee that the damages that defendants are now suffering as a result of the *ex parte* order will be compensated. The state court also simply ignored the procedures set forth in CPLR 6211(b), which are designed to protect defendants from improperly issued *ex parte* restraints. For these additional reasons, it is especially important that the Court schedule the pre-motion conference expeditiously.

sworn to on November 9, 2009 ("Hartstein Aff.") at ¶ 6, a copy of which is attached (with exhibits) as Exhibit B. A copy of plaintiff's counsel's affirmation dated November 6, 2009, submitted to the state court, is attached as Exhibit C. Indeed, in direct contrast to what plaintiff irresponsibly claims, Solomon Sharbat has not "fled the jurisdiction [with no] inten[tion] to return to the United States." Mr. Sharbat is a United States citizen, lives in New York at 67-34 Kessel Street, Forest Hills and **I have met with him in person in my New York office on a half dozen or so occasions since the time that this action was commenced and plaintiff proffered his outrageous claims. Indeed, Mr. Sharbat is in New York and is fully prepared to appear before this Court at the time of the pre-motion conference.** Thus, the notion that Mr. Sharbat has fled, or intends to flee, this jurisdiction is preposterous.

Moreover, to be entitled to an order of attachment, a plaintiff must demonstrate that he has a likelihood of success on the merits[2], but, here, plaintiff cannot do so. The gravamen of the complaint is that Mr. Sharbat owes money to plaintiff for a loan that plaintiff made to him. However, as that loan was usurious when made, plaintiff is not entitled to repayment of either principal or interest. *See* N.Y. General Obligations Law § 5-511; *see also, O'Donovan v. Galinski*, 62 A.D.3d 769, 878 N.Y.S.2d 443 (2d Dep't 2009) ("the law does not permit an action by a lender on a usurious loan"). According to the promissory note (attached as Exhibit A to the complaint, which, in turn, is attached as exhibit 1 to the Hartstein Aff (Ex. B hereto)), the $205,000 loan for which plaintiff seeks repayment was due to be paid within 13 days. As consideration for the loan, plaintiff charged Solomon Capital, LLC $20,000 in interest plus other valuable consideration in the form of shares of stock. But, even without taking the value of the stock into consideration, the $20,000 interest payment alone on the $205,00 loan for 13 days amounted to an interest payment of 9.75609% or **an annual interest rate of 273.92 %** -- well above the maximum interest rate of 16% permitted under N.Y. GOL § 5-501 and N.Y. Banking Law §14-a and in violation of N.Y. Penal Law § 190.40

---

[2] *See* CPLR 6212(a). A plaintiff must also show that the amount of his claim is greater than the amount of the counterclaims, but, here, as will ultimately be evident, defendants' counterclaims will be of greater value than plaintiff's claims.

(criminalizing a lender's charge of interest exceeding 25% per annum).

While the promissory note charges no interest on its face, the document that Mr. Sharbat was compelled to execute simultaneously with the promissory note (*see* exhibit B to the complaint) recites an "acknowledgment" that Solomon Capital owes $20,000 to plaintiff (as well as "600,000 unrestricted shares of SpongeTech") supposedly in connection with "previous transactions." But, notwithstanding the "previous transactions" verbiage, the $20,000 (and 600,000 SpongeTech shares) really served as interest for the loan. Tellingly, plaintiff's own words acknowledge as much. In an email dated September 29, 2009, plaintiff admits that the $20,000 actually represents the interest charge on the loan for the $205,000. *See* plaintiff's email dated September 29, 2009, stating, "[h]ere is a list of everything you owe me. . . **$205,000 + $20,000 Interest**." *See* plaintiff's September 29, 2009 email, a copy of which is attached as Exhibit D (emphasis added). In his email to Mr. Sharbat dated September 30, 2009, plaintiff reiterated his acknowledgment that the loan at issue in this action was usurious. He stated, "8/28/09 I sent you 2 wires for a total of $205k this had a $20,000 Interest payment and agreement for 40,000 SPNG [SpongeTech] Shares." *See* plaintiff's September 30, 2009 email at 2, a copy of which is attached as Exhibit E.

For the reasons set forth above and others, the *ex parte* order of attachment never should have been issued and should be vacated forthwith. Hundreds of thousands of dollars of defendants' funds are currently inaccessible to them and they are suffering grave business losses as a result. Accordingly, we seek an immediate pre-motion conference at which we can discuss these and other issues that could not be raised in this letter due to the Court's three page (double-spaced) page limitation.

                                              Respectfully submitted,

                                              Ronald A. Nimkoff (RN 4598)

cc (via email with exhibits): E. David Smith, Esq.