USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/08/09

# SMITH & ASSOCIATES

ATTORNEYS AT LAW

RECEIVED
DEC 08 2009
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

104 Howard Avenue, Third Floor
Passaic Park, New Jersey 07055
(973) 365-2770 • Fax (866) 882-7256
www.edslaw.net • attorneys@edslaw.net

570 Lexington Avenue, 23rd Floor
New York, New York 10022
(212) 661-7010
Fax (212) 661-8285

December 7, 2009

Hon. Richard M. Berman
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, New York, 10007

**MEMO ENDORSED**
**p. 4**

Re:   **Hartstein v Sharbat et al.   09 (CIV) 9799 (RMB)**

Dear Judge Berman:

I represent the plaintiff Michael Hartstein in this matter and submit this letter in response to defendant's request for a pre-motion conference regarding the pre-judgment attachment.

Plaintiff's desires a hearing on the motion to attach. Until that time the restraining order must remain in effect or there will be nothing to attach. Mr. Sharbat, one of the defendants and the principal of the other defendants admittedly left the country to avoid his creditors (See his e-mail to plaintiff of October 7, 2009 which is the last page of Mr. Nimkoff's Exhibit B) and, upon information and belief, the only reason he came back is because his assets are encumbered by the restraining order. Indeed, it is plaintiff's belief that Mr. Sharbat's passport will show that he did not return to this country until after this action was commenced against him. For that reason, respectfully request that the Court order Mr. Sharbat to bring both his American and Israeli passports with him for examination by the Court at the hearing.

Defendants' claim that the 205 thousand dollar loan was usurious, yet the note itself contains a savings provision in Section 3.7 that states:

"Nothing contained herein shall be deemed to establish or require the payment of a rate of interest or other charges in excess of the maximum permitted by applicable law. In the event that the rate of interest required to be paid or other charges hereunder exceed the maximum

Honorable Richard M. Berman
December 7, 2009
Page 2 of 4

permitted by such law, any payments in excess of such maximum shall be credited against amounts owed by the borrower to the holder and thus refunded to the borrower."

At the very least, the unpaid principal $255,000.00 (not counting the $20,000.00 in the 'Acknowledgement' document) are truly due and owing and plaintiff has more than a reasonable probability of success in obtaining judgment for that amount.

As to Defendants' claim that the Acknowledgment represents usurious interest, Plaintiff objects vigorously. The Acknowledgment memorialized an agreement between the parties as to Defendants' obligations to Plaintiff on *previous transactions*. The $205,000 loan was not the only transaction between the parties. The money and shares promised by Defendants in the Acknowledgement flow from a series of transactions, summarized briefly as follows:

Transaction #1: On July 20, 2009 plaintiff paid defendants $250,000.00 as the purchase price of Spongetech Delivery Systems, Inc. stock at $0.05/share. **Exhibit A** is the confirmation of the transaction. **Exhibit B** is a copy of the $250,000.00 wire transfer. Defendants never delivered the stock although they took and spent plaintiff's money. Defendants promised to repay plaintiff his money, but they did not have it. On August 13, 2009 defendants repaid $50,000.00 and on August 17, 2009 repaid another $85,000. Thus, a balance of $115,000 was due by reason of transaction Number 1. Further, plaintiff felt that defendants breached their contract and owe plaintiff a share of a substantial profit.

Transaction Number 2: Defendant asked plaintiff to sell off five million shares of Spongetech saying that he needed cash immediately and agreed to pay Plaintiff 10% of the gross. Plaintiff sold the shares for $781,000.00. Plaintiff's share was $78,000.00 and Defendants' share was $703,000.00. Plaintiff told defendant that he would deduct the remaining balance of $115K (from Transaction 1) from the $703K and wire the difference of $588K. Defendant responded

that he needed at least $620K immediately. Plaintiff sent two wires totaling $620,000: $400,000 and $220,000. There remains the balance of $32,000.00 plus lost profits for breach of contract.

Transaction number 3: Defendant tells plaintiff he can make a lot of money on a transaction if he can get another $205,000.00. After negotiations Plaintiff agrees to loan defendants the $205,000.00 interest free if they compensate him for his lost profits on transaction number 1 and the outstanding due. They agree on $20,000.00 plus 640,000.00 shares of Spongetech which is to be paid and the stock delivered on September 10, 2009 the same date as the $205,000.00 loan is due. On August 28, 2009 plaintiff wires $190,000 (**Exhibit C**) and $15,000 (**Exhibit D**) as directed by Sharbat and defendants give plaintiff the $205,000.00 note and the acknowledgement. On September 2, 2009 defendant tells plaintiff he needs another $18,000.00 and plaintiff wires another $18,000.00 to defendant's 401 K Trust. (**Exhibit E**)

Remaining due: $205,000.00 plus $32,000 plus $18,000.00 totaling $255,000 for monies actually paid by plaintiff out of pocket to defendants, plus the $20,000 and 640,000 shares for the resolution of the lost profits on transaction number 1. Defendants failed to pay or deliver the shares on September 10. The shares rapidly lost value and are currently worth nothing.

Therefore, the alleged "interest" is really part of a longer term and larger series of transactions. It is not interest at all but a separate obligation from Defendants to Plaintiff.

Further, the e-mails referred to by defendants in which plaintiff refers to "interest" are of no legal significance and are not admissible into evidence under Federal Rule of Evidence 408 as they are statements made in compromise negotiations after the loans were past due.

There are two additional points: (1) On the date of the removal the defendants were in default for failure to answer and their time to answer after the removal expired on December 2, 2009; and (2) the alleged failure of the Supreme Court to include an undertaking in its order does not void the order as such a mistake (if it is a mistake) is curable.

Honorable Richard M. Berman
December 7, 2009
Page 4 of 4

                                Respectfully submitted,

                                E. David Smith

> Plaintiff's request regarding Def's passport is respectfully denied.
>
> SO ORDERED:
> Date: 12/8/09
> Richard M. Berman, U.S.D.J.